**Sada Mohamed ABDELLA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–73899.**

**Agency No. A79–246–984.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 15, 2004.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Steve Paek, Law Office of Steve Paek, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mary Jane Candaux, Anh-Thu P. Mai, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM**

Sada Mohamed Abdella, a native and citizen of Ethiopia, petitions for review of a decision by the Board of Immigration Appeals ("BIA") dismissing her appeal from an immigration judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a). We review the BIA's decision that Petitioner has not established eligibility for asylum under the substantial evidence standard, *Singh v. INS*, 134 F.3d 962, 966 (9th Cir.1998), and reverse only if the evidence compels a contrary conclusion, *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

The record does not compel reversal of the BIA's conclusion that Abdella failed to establish a well-founded fear of future persecution because Abdella was unable to show that her brother was killed by Tigray officials, or that she herself was targeted for persecution. *See Molina–Estrada v. INS*, 293 F.3d 1089, 1094–95 (9th Cir.2002). Furthermore, political changes in Ethiopia since Abdella left in 1992 suggest that she does not have a well-founded fear of persecution. *See id.* at 1096 (noting that if no past persecution is established, the IJ and BIA are entitled to rely on all relevant evidence in the record, including a State Department Report). Accordingly, Abdella failed to demonstrate eligibility for asylum and withholding of removal. *See Prasad v. INS*, 47 F.3d 336, 340 (9th Cir.1995).

Abdella is not entitled to relief under the CAT because she did not demonstrate that it is more likely than not that she will be tortured if returned to Ethiopia. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.